IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE D. CONWELL,<br><br>       Plaintiff,<br><br>vs.<br><br>MARCUS MARVIN,<br>NURSE HOPE,<br>PICKFORD,<br>PEARL,<br>JEFFREY M. DENNISON,<br>HILLARD,<br>MICHAEL P. DUNNING,<br>ALFONSO DAVID, and<br>WEXFORD HEALTH SOURCES, INC.<br><br>       Defendants. | Case No. 18–cv–0131–DRH |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

    Plaintiff Luke Conwell, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory relief, punitive relief, and declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff filed this action on January 24, 2018. (Doc. 1). On May 7, 2018, the Court severed certain claims into a separate suit. (Doc. 7). Plaintiff makes the following allegations as to the claims remaining in this action:

On March 20, 2017, Defendants Hope and Marvin were making rounds passing out evening medication in the intake area, where Plaintiff was housed.

2

(Doc. 1, pp. 1-2). Plaintiff asked Marvin for some toilet paper. (Doc. 1, p. 2). Marvin refused. *Id.* Plaintiff stuck his hand out of the chuckhole clutching the empty roll to show Marvin that he was truly out of toilet paper. *Id.* Marvin refused. (Doc. 1, p. 3). Plaintiff asked Marvin for a grievance form. *Id.* Marvin then began slamming the chuckhole cover on Plaintiff's hand and stabbing him with the large chuckhole key. (Doc. 1, pp. 3, 12). Plaintiff's hand began bleeding and swelling immediately. *Id.* Plaintiff alleges he had a large gash in the shape of the chuckhole key on his hand. *Id.* Marvin said, "[n]ow write that up." (Doc. 1, p. 3).

Hope witnessed the entire incident and failed to intervene. *Id.* Hope also turned a deaf ear to Plaintiff's repeated requests for medical attention over the next 3 days. (Doc. 1, p. 4). She told him to place a sick call slip, but Plaintiff alleges that his sick call slips and grievances to Warden Dennison went unanswered. *Id.* A day shift nurse finally noticed Plaintiff's hand was infected on March 27, 2017. (Doc. 1, p. 5). Plaintiff was diagnosed with a severe infection and his injuries prompted an investigation against Marvin by internal affairs. (Doc. 1, pp. 6-7).

Defendants Pickford and Pearl investigated the incident, but Plaintiff alleges that they were biased against him from the start and tried to cover it up. (Doc. 1, pp. 7-9).

Plaintiff alleges that Dennison retaliated against him for reporting the incident by stamping Plaintiff's grievance "received" on April 6, 2017, when

3

Plaintiff submitted it on March 20, 2017. (Doc. 1, pp. 13-14). Plaintiff believes that Dennison deliberately back-dated his grievance and contacted Marvin so that Marvin could retaliate against Plaintiff. (Doc. 1, p. 14).

Plaintiff alleges that Marvin retaliated against him by moving him to a cell without power, when he knew that Plaintiff had a TV. (Doc. 1, pp. 14-15). Plaintiff believes Marvin further retaliated against him by causing the B. of I. officer to charge Plaintiff $500 for a new prison ID when the cost is $5.00. (Doc. 1, p. 15). Plaintiff alleges that it took weeks to have his trust fund account corrected. *Id*. Plaintiff also alleges that he was prevented from shopping at the commissary on July 7, 2017 by non-defendant Ashmore, which he believes is a further act of retaliation on Marvin's behalf. (Doc. 1, pp. 15-16). Plaintiff wrote a grievance about this issue, but Defendant Hillard refused to process it because Plaintiff had requested demotions and transfers as his relief, which Plaintiff believes was a further act of retaliation. (Doc. 1, p. 17). Hillard and Dennison refused to respond to other grievances Plaintiff filed. (Doc. 1, p. 18).

### Discussion

The severance order designated 6 claims for this action. The following claims survive threshold review:

> **Count 1** – Marvin used excessive force against Plaintiff on March 20, 2017 when he slammed his hand into the chuckhole and stabbed it repeatedly with the chuckhole key, and Hope, Dennison, Pearl, and Pickford either failed to intervene or approved, condoned, or turned a blind eye to the conduct, in violation of the Eighth Amendment;

4

**Count 2** – Marvin committed an assault and/or battery against Plaintiff in violation of Illinois state law when he slammed his hand in the chuckhole and stabbed it repeatedly with the chuckhole key;

**Count 3** – Hope was deliberately indifferent to Plaintiff's injuries after the March 20, 2017 incident when Hope refused to get him medical attention for 3 days following the events at issue, in violation of the Eighth Amendment;

**Count 4** – Marvin retaliated against Plaintiff for writing a grievance about the incident by moving him to a cell without power, convincing an unnamed officer to overcharge Plaintiff's trust fund account, and arranging for Plaintiff to be denied his commissary shop in violation of the First Amendment;

**Count 5** – Dennison retaliated against Plaintiff for filing grievances about this incident by refusing to respond to Plaintiff's grievances in violation of the First Amendment;

**Count 6 –** Hillard retaliated against Plaintiff for filing grievances when she rejected his grievance regarding his ability to shop at commissary in violation of the First Amendment.

In **Count 1**, Plaintiff has alleged that Marvin slammed his hand in the chuckhole door and stabbed it with the chuckhole key. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury

inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here Plaintiff has alleged that he was merely asking for his weekly allocation of toilet paper when Marvin responded with physical violence. Plaintiff has alleged that he was locked in his cell at all times during the incident. On these facts, it is a plausible inference from the Complaint that Marvin used more force than reasonably necessary to respond to Plaintiff's request. Plaintiff has adequately stated an excessive force claim against Marvin.

Plaintiff has alleged that only Marvin actually applied force to him. However, an individual does not actually have to lay hands on an inmate to be personally involved in a constitutional violation. It is sufficient if an official "knows about the conduct and facilitates it, approves it, condones it, or turns a blind eye." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Failure to

6

properly respond to a grievance can show personal involvement. *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015).

Plaintiff has alleged that Hope witnessed the excessive force, but failed to intervene. This is the definition of "turning a blind eye" and so Plaintiff's claims against Hope will proceed. Moreover, Plaintiff has alleged that Dennison, Pearl, and Pickford all responded improperly to his allegations of assault, and took steps to cover it up. These allegations are also sufficient to allege personal involvement. **Count 1** will also proceed against Hope, Pickford, Pearl, and Dennison.

In **Count 2**, Plaintiff alleges that Marvin violated Illinois state law when he slammed his hand into the chuckhole and stabbed it with the chuckhole key. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Here, the facts are identical between Plaintiff's § 1983 claim and his claim arising under Illinois state law. Both require Plaintiff to prove that Marvin made contact with his hand. This is sufficient to establish jurisdiction over the state law claim, although Plaintiff is informed that he can have but one recovery.

7

*Indiana Harbor Belt R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1988). That means that Plaintiff will not be able to recover additional damages (money) by mentioning Illinois state law in his Complaint. The amount of money Plaintiff can recover remains the same whether he proceeds under § 1983 alone or § 1983 and Illinois state law together.

Pursuant to Illinois state law, battery is defined as the unauthorized touching of another's person. *Welton v. Ambrose*, 814 N.E. 970, 979 (Ill. App. 4th Dist. 2001). Here Plaintiff has alleged that Marvin slammed the chuckhole door on his hand and stabbed him with the key. That is a sufficient allegation of unauthorized touching, and **Count 2** will be permitted to proceed.

In **Count 3**, Plaintiff has alleged that Hope was deliberately indifferent to his injuries. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff has alleged that he suffered injuries as a result of Marvin's assault, and that Hope observed the assault, making her aware of Plaintiff's injuries. Plaintiff has also alleged that he ultimately needed antibiotics to resolve the infection arising out of his injuries, which is a plausible allegation that he suffered from a serious medical need. Further, Plaintiff has alleged that he not only sought medical treatment from Hope at the time of the incident, but for the following 3 days. It is a reasonable inference from these facts that Hope was aware of Plaintiff's serious medical need, and that her actions caused a delay in treatment for 3 days. At the pleading stages, this is a sufficient allegation of deliberate indifference and **Count 3** will be permitted to proceed.

All of Plaintiff's remaining claims arise under a theory of retaliation. To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3)

that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff has alleged that he filed a grievance regarding the chuckhole incident, and that was the protected conduct that caused the retaliation. Filing a truthful grievance constitutes protected activity under the First Amendment. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). Plaintiff has satisfied the first element for a First Amendment claim.

Plaintiff's allegations regarding the retaliatory conduct at issue in **Counts 4-6** seem to rest on speculation; it is not clear, for example, how he would know that Marvin spoke to non-defendants and convinced them to overcharge Plaintiff or deprive him of commissary. But at the pleading stages, the Court must take the allegations in the Complaint as true, and so Plaintiff's claims that Marvin retaliated against him by assigning him to a cell without power, and convinced others to act against Plaintiff will proceed because it is plausible that such conduct may deter future First Amendment activity. Likewise, it is plausible that a failure to respond to grievances could keep an inmate from using the grievance process, and so Plaintiff's retaliation claims against Hillard and Dennison will also proceed.

### **Pending Motions**

Plaintiff's Motion for Recruitment of Counsel will be referred to a United States Magistrate Judge for disposition. (Doc. 3).

## Disposition

**Counts 1-6** survive threshold review against Marvin, Hope, Pickford, Pearl, Dennison, and Hillard.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Marvin, Hope, Pickford, Pearl, Dennison, and Hillard (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.05.12 09:50:58
-05'00'

_____
**U.S. District Judge**