## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUKE CONWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-CV-131-MAB |
| | ) | |
| MARCUS MARVIN and | ) | |
| HOPE COOPER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiff Luke Conwell filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 in January 2018 for deprivations of his constitutional rights while incarcerated at Shawnee Correctional Center (Doc. 1; Doc. 8). Three of his claims survived summary judgment and should proceed to trial (Doc. 74). However, before setting the matter for trial and recruiting counsel for Plaintiff, the Court opted to set the matter for a status conference in order to explore whether the parties were amenable to settlement (Doc. 74). However, Plaintiff failed to appear at the state conference on September 30, 2021 (Doc. 76). The status conference was reset for November 9, 2021 and Plaintiff was warned that his failure to appear could result in an order to show cause being issued, the imposition of sanctions, and/or the dismissal of this case for lack of prosecution (Doc. 76). Despite the explicit warning from the Court, Plaintiff once again failed to appear when the case was called

for status hearing on November 9th (Doc. 77). Reluctant to dismiss the case at this late

stage, the Court opted to give Plaintiff another chance. He was ordered to show cause in

writing by December 10, 2021 why this case should not be dismissed for failure to

prosecute (Doc. 78). He was explicitly warned that if he failed to respond to the order to

show cause, this case would be dismissed pursuant to Federal Rule of Civil Procedure

41(b) and the Court's inherent authority to manage its docket. (Doc. 78). *See* FED. R. CIV.

P. 41(b).[1]

To date, Plaintiff has not filed any type of response or made any effort to otherwise

communicate with the Court. In fact, the Court has not heard from Plaintiff in any

capacity with respect to this case for over a year, since he filed a notice of his change of

address in November 2020, which reflected that he had been released from IDOC custody

and was residing in Texas (*see* Doc. 65).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with

prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right

sparingly" and should dismiss a case "only when there is a clear record of delay or

contumacious conduct, or when other less drastic sanctions have proven unavailing" and

---

[1] Plaintiff does have another case pending before the undersigned, but in that case he is represented by counsel and ostensibly participating in the case. *See Conwell v. Dunning*, 18-cv-1074-MAB. Even before the Court recruited counsel to represent Plaintiff, he was participating in that case as a pro se litigant. *Id.* at Docs. 66, 67. In the Court's Order to Show Cause (which was mailed to Plaintiff), the Court expressed confusion as to why Plaintiff is participating in the other case, but not this case (Doc. 78). Nevertheless, the Court made clear that the instant case must be litigated separate and apart from the case in which he has counsel and that he is obligated to participate in this case (*Id.*).

an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. The Court is also mindful of the significant disruptions caused by the COVID-19 pandemic over the last two years. But Plaintiff is nevertheless obligated to comply with Court-imposed deadlines and to communicate with the Court, particularly when the Court demands that he do so. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Indeed, Plaintiff has given this Court no other option as he has failed to appear and comply with Court orders on three occasions – two of which he was clearly and unambiguously warned of the potential consequences, including dismissal (Docs. 76, 78).

Consequently, this matter is **DISMISSED** with prejudice pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

<u>NOTICE</u>

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of

appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline

can be extended for a short time only if Plaintiff files a motion showing excusable neglect

or good cause for missing the deadline and asking for an extension of time. FED. R. APP.

P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining

the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667

F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file

a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The

motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the

deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply

with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw.*

*Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life &*

*Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend

judgment, a party must clearly establish (1) that the court committed a manifest error of

law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation

and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-

day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock

will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P.

4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-

day deadline or "completely devoid of substance," the motion will not stop the clock for

filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: December 20, 2021**

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**
